FIDELITY AND DEPOSIT COMPANY OF MARYLAND, A CORPORATION, APPELLANT, v. BROCK'S GARAGE. INCORPORATED. A CORPORATION, RESPONDENT.

Argued March 12, 1918—Decided June 17, 1918.

1. When one appoints an agent to collect money, the agent cannot take merchandise in payment. But testimony is competent and material to prove knowledge on the part of the principal, as to the course of business being done by the agent, regarding payments with merchandise or supplies, that the agent was authorized to receive such payments. Thus, in this case raising a question of fact for the jury.

2. *Comp. Stat.*, *p.* 2296, ¶ 43, providing for double costs, does not apply to a case commenced in the Supreme Court, in which the plaintiff had a verdict and on plaintiff's appeal to the Court of Errors and Appeals, the judgment was affirmed. The rule under which costs are recovered is stated in the case of *Lehigh Valley R. R. Co.* v. *McFarland*, 44 *N. J. L.* 674.

On appeal from the Supreme Court.

For the appellant, *Joseph L. Bodine.*

For the respondent, *Hervey S. Moore* and *John A. Hartpence.*

The opinion of the court was delivered by

BLACK, J.    This suit was brought to recover premiums on four accident policies of insurance written by the appellant. The trial resulted in a verdict for the plaintiff-appellant for five hundred and seventeen dollars and twelve cents ($517.12), the amount admitted to be due by the defendant. The plaintiff below brings the appeal, alleging twenty-three (23) grounds of appeal, seventeen (17) are directed to the admission of testimony; for the most part to the testimony of two witnesses, John L. Brock and J. Chauncey Van Horn; four to the refusal of the trial court to direct a verdict for the plaintiff, for the full amount claimed and two to alleged errors in the charge of the trial court to the jury. We have examined these grounds of appeal with the result that we find they are all without any·legal merit. It would serve no useful purpose to discuss them *seriatim.* Two, however, may be referred to briefly—the testimony objected to was both competent and material. It tended to prove knowledge on the part of the appellant, as to the course of business between the parties, the appellant's agent, the Van Horn Company and the defendant, regarding the payment of premiums with merchandise or supplies, and the jury by its verdict has found that was the effect of such testimony. The trial court quite correctly stated the rule to be, that when one appoints an agent to collect money, the agent cannot take

merchandise or personal property in payment (2 *Corp. Jur.* 599, ¶ 234; *Id.* 630, ¶ 270); a bare power to collect can be exercised in no manner short of an actual collection of the money (31 *Cyc.* 1375); but the testimony objected to tended to prove, and did prove, that the appellant's agent, the Van Horn Company, did receive, and the appellant knew of such receipt of payments for the premiums with supplies and merchandise. This testimony raised a jury question, which the trial court properly submitted to them. We find no error on this branch of the case. The only other point that need be referred to is the appellant's criticism of the action or the statement of the trial court, when the court said, during the cross-examination of Mr. Brock, in reference to items made or taken from the books of the Brock Company: "Then I will exercise the prerogative of the court and strike—or I may rather strike out the testimony as to these books, which will leave you without any testimony, as *incompetent* [referring to the books as "incompetent," doubtless]. Mr. Bodine—I consent to Mr. Moore proceeding with the examination of Mr. Brock. The Court—All right." We fail to see how this statement of the trial court is error, or even the subject of criticism, as a departure from proper judicial action.

The respondent asks for an affirmance, with double costs, under *Comp. Stat., p.* 2296, ¶ 43. It is sufficient to say that this statute does not apply to this case; a case in which the statute was applied is *International Watch Co.* v. *Delaware, &c., Railroad Co.,* 82 *N. J. L.* 459.

The rule under which costs are recovered in a Court of Errors is stated in the case of *Lehigh Valley Railroad Co.* v. *McFarland,* 44 *N. J. L.* 674.

The judgment of the Supreme Court will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 12.

*For reversal*—None.